UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT OWEN BRAY,<br><br>                      Plaintiff,<br><br>   v.<br><br>BERNARD WARNER, PAT GLEBE, THOMAS L'HEUREUX, DOUGLAS MCCARTY, D DAHNE, WILLIAM SWAIN, CHERYL ROIKO, DAN VAN OGLE, et al.,<br><br>                      Defendants. | Case No. 3:15-CV-05339-BHS-JRC<br><br>**REPORT AND RECOMMENDATION**<br><br>**NOTED FOR: OCTOBER 16, 2015** |

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

Currently before the Court is plaintiff's application to proceed *in forma pauperis* ("IFP"). Dkt. 1. It has been more than sixty days since the Court's mailings to plaintiff were returned and the Court does not have a current address for plaintiff. Therefore, the undersigned recommends that the Court dismiss this action as plaintiff appears to have abandoned his case.

## DISCUSSION

On May 21, 2015 plaintiff filed his application to proceed IFP. Dkt. 1. On the same date, the Clerk's Office sent plaintiff a deficiency letter informing him of the defects in his IFP

REPORT AND RECOMMENDATION- 1

application. Dkt. 3. Plaintiff corrected some of the defects in his application on May 26, 2015, but did not submit the proper IFP form. Dkt. 4.

On June 17, 2015, the Court ordered plaintiff to file the proper IFP form by July 17, 2015 or show cause why he could not provide the form. Dkt. 6. The Court advised plaintiff that if he did not respond to the Court's order, that the undersigned would recommend denial of the application to proceed *in forma paperis. See id.* The Court's order of June 17, 2015, which was mailed to plaintiff's last known address at Stafford Creek Corrections Center, was returned to the Court marked "offender has moved to WCC." Dkt. 7 at 1. The clerk's office then mailed the Court's order to plaintiff at Washington Corrections Center ("WCC"). *See* Dkt. 8. On July 1, 2015, the Court's order was returned marked "return to sender" and "not here." Dkt. 8 at 1. To date, plaintiff has not paid the filing fee, submitted a complete and proper IFP application, or provided the Court with his current address.

Pursuant to Local Civil Rule 41(b), *pro se* parties are required to keep the Court and opposing parties advised of their current mailing address. W.D. Wash. LCR 41(b). If mail sent to a *pro se* petitioner by the Clerk is returned as undeliverable, and if the petitioner fails to notify the Court and opposing parties of his or her current mailing address within 60 days of the mail being returned as undeliverable, the Court may dismiss the action without prejudice for failure to prosecute. *Id.* Here, more than 60 days have passed since the Clerk's letter was returned as undeliverable. Accordingly, the Court recommends that this action be dismissed without prejudice for failure to prosecute. *See* W.D. Wash. LCR 41(b).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the

REPORT AND RECOMMENDATION- 2

1 district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.

2 Civ. P. 72(b), the clerk is directed to set the matter for consideration on **October 16, 2015**, as

3 noted in the caption.

4       DATED this 22nd day of September, 2015.

                                          _____
                                          J. Richard Creatura
                                          United States Magistrate Judge

REPORT AND RECOMMENDATION- 3